# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | | |
|---|---|---|
| CNH CAPITAL AMERICA LLC, | | |
| Plaintiff, | | No. C05-2087 |
| vs. | | ORDER |
| TIM McCANDLESS, d/b/a McCANDLESS FARMS, | | |
| Defendant. | | |

_____

This matter comes before the court pursuant to the May 19, 2006 motion of CNH Capital America LLC ("CNH") to dismiss counterclaim for failure to state a claim upon which relief can be granted (docket number 11). CNH seeks to dismiss the counterclaims of Tim McCandless, d/b/a McCandless Farms ("McCandless"), which allege in count 1 that CNH aided and abetted the wrongful conduct of Walterman Implement, Inc. ("Walterman"), in count 2 that CNH's attempts to enforce and collect upon the forged contracts constitutes a breach of CNH's obligations of good faith and fair dealing, and in count 3 that CNH's initiation of this litigation constitutes an abuse of process.

CNH's motion is based upon Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted). A complaint shall not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can not prove any set of facts in support of its claim that would entitle it to relief. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993); Schaller Telephone Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 739 (8th Cir. 2002). When analyzing the adequacy of a complaint's allegations under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff. Id.

Accepting McCandless' allegations as true, and viewing them in a light most favorable to McCandless, the court finds, for purposes of this motion, that Walterman is

a farm implement dealer in Dike, Iowa, and was a licensed dealer of farm implements manufactured by CNH or its affiliates (counterclaim, ¶ 2). CNH entered into a credit facility with Walterman pursuant to which Walterman sold farm equipment under installment contracts with customers and transferred those contracts to CNH (counterclaim, ¶ 3). Walterman forged or otherwise falsely affixed signatures purporting to be those of McCandless on the retail installment contracts (counterclaim, ¶ 4). Walterman's actions in creating and transferring to CNH the forged retail installment contracts constituted a theft of his identity and a misappropriation of his credit record and rights to obtain credit (counterclaim, ¶ 5). CNH and Walterman entered into agreements under which Walterman transferred the forged retail installment contracts to CNH for collection (counterclaim, ¶ 6). CNH has taken various actions against McCandless in an attempt to enforce against him the forged retail installment contracts including, without limitation, repeated demands for payment, negative reporting to credit agencies, threats of civil litigation and the filing of this litigation (counterclaim, ¶ 7). Before attempting to enforce the forged retail installment contracts, CNH knew that they were fraudulent and were not signed by McCandless (counterclaim, ¶ 8). CNH has acted in concert with Walterman and aided and abetted Walterman's unlawful conduct by attempting to enforce the forged retail installment contracts, instituting collection actions, including this litigation, allowing Walterman to sell farm implements on credit, allowing Walterman the use and benefit of CNH's financial resources and credit facilities, allowing Walterman to hold itself out as a Case equipment dealer, using and allowing use of CNH employees and instrumentalities in efforts to collect and enforce the forged contracts, concealing payments by Walterman to CNH respecting the forged contracts, and otherwise providing substantial assistance and/or encouragement to Walterman (counterclaim, ¶ 9).

CNH argues that McCandless' counterclaims should be dismissed because they are merely disguised affirmative defenses. CNH contends that McCandless does not claim to have an injury for which it seeks affirmative relief from CNH, and that McCandless'

allegations in the counterclaims cannot possibly be adjudicated separately from CNH's claims to which they apply. CNH argues that if McCandless were to succeed on his purported counterclaims, it would avoid some or all liability on CNH's claims, but McCandless would not be entitled to independently recover damages.

McCandless resists CNH's motion, arguing that dismissal of its counterclaims is not proper because it is not beyond the realm of reasonable probability that it will be able to prove actual and substantial damages resulting from the wrongful use of his credit, negative reporting to credit agencies, reputational damages arising from CNH's collection activities, economic loss flowing from CNH's collection activities, pre-suit harm to his business resulting from those actions, pre-suit legal costs arising from CNH's misconduct, and actual costs of this litigation, including legal fees, arising from CNH's abuse of process.

McCandless has cited no authority recognizing a claim upon which relief can be granted for "aiding and abetting" the wrongful conduct of Walterman (count 1) and the court's own research has revealed none. Therefore, the court dismisses count 1 of McCandless' counterclaim.

With respect to count two (breach of good faith and fair dealing), the court notes that "[t]his covenant is breached when a party to a contract acts in a manner that is offensive to 'community standards of decency, fairness and reasonableness'" Vlieger v. Farm for Profit, Research and Development, Inc., 705 N.W.2d 339 (Iowa Ct. App. 2005) (quoting Kooyman v. Farm Bureau Mut. Ins. Co., 315 N.W.2d 30, 34 (Iowa 1982). See also Thielen v. Aetna Cas. and Sur. Co., 662 N.W.2d 370 (Iowa Ct. App. 2003) ("Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party . . ."). McCandless has never alleged that it entered into a contract with CNH. Much to the contrary, McCandless claims that its alleged contracts with CNH were forged. While parties are allowed to plead alternate claims pursuant to Fed. R. Civ. P. 8(e)(2), the court

cannot reconcile McCandless' breach of good faith and fair dealing claim with the fact that McCandless disclaims ever being a party to a contract with CNH.  See Horton v. Uptown Partners, 2005 WL 1279044 (Iowa Ct. App. 2006) (slip opinion) (noting that the implied covenant of good faith and fair dealing operates upon an express condition of a contract and requires the party in control to exercise their express discretion in a manner which avoids harm to the other party).  Count two of McCandless' counterclaim is dismissed.

Finally, count three of McCandless' counterclaim, which alleges abuse of process, will not be dismissed.  Again, at this point, the court takes all of the defendant's allegations as true for the purpose of resolving this motion.  At this early juncture, the court cannot say that it appears beyond doubt that McCandless can not prove any set of facts in support of its claim that would entitle it to relief.  Whether CNH's use of legal process was used primarily for an impermissible purpose cannot be gleaned from the pleadings. See Johnson v. Farm Bureau Mut. Ins. Co., 533 N.W.2d 203, 209 (Iowa 1995) (noting that the elements of an abuse of process claim are (1) use of legal process, (2) use in an improper or unauthorized manner, and (3) damages, and further noting that the second element requires proof that the legal process was used primarily for an impermissible purpose or illegal motive).

Upon the foregoing,

IT IS ORDERED that CNH's motion to dismiss counterclaim (docket number 11) is granted insofar as the court dismisses counts one and two of McCandless' counterclaim.  It is denied with respect to count three of the counterclaim.

August 9, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

4