IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CNH CAPITAL AMERICA LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>TIM McCANDLESS, d/b/a<br>McCANDLESS FARMS,<br><br>    Defendant. | No. C05-2087<br><br>**RULING ON MOTION IN LIMINE** |

On the 15th day of June, 2007, this matter came on for telephonic hearing on the Motion In Limine (docket number 51) filed by the Plaintiff on June 11, 2007. The Plaintiff was represented by its attorneys, Scott L. Long and Sean P. Moore. The Defendant was represented by his attorney, William W. Graham.

Also argued at the time of hearing were objections raised by Plaintiff in the proposed final pretrial order to Defendant's inclusion of Sue Wilson and Jim Wilson as prospective witnesses. CNH argues that McCandless is prohibited from calling the witnesses at trial, due to his failure to timely disclose them as persons having knowledge.

## *MOTION IN LIMINE*

The Motion In Limine filed by CNH is in three parts: First, CNH requests that McCandless be prohibited from offering any evidence "regarding activities by Leon Walterman or Walterman Implement, Inc. unrelated to either Tim McCandless and/or the Retail Installment Contracts at issue." Second, CNH objects to the admission of e-mail correspondence from Kerry Bolt to Jim Longe, dated January 4, 2006. Third, CNH believes McCandless should be prohibited from offering a solicitation which he received from Titan Machinery, Inc. while this action was pending.

### A. Activities by Leon Walterman "unrelated" to McCandless.

CNH concedes that evidence regarding the wrongdoing of Leon Walterman and Walterman Implement, Inc. will be an integral part of the case. In fact, CNH claims in Counts II and III of its First Amended Complaint that McCandless conspired with Walterman in defrauding CNH and aided and abetted Walterman in those efforts. Nonetheless, CNH argues that McCandless should be prohibited from offering evidence of Walterman's wrongdoing which is "unrelated" to the nine installment contracts at issue.

At the time of hearing, Mr. Graham asserted that the evidence will establish that CNH has known of Walterman's wrongdoing for years. Apparently, there will be evidence that Walterman has altered serial numbers on equipment and engaged in "double financing." According to Mr. Graham, the testimony is relevant because (1) it rebuts CNH's claim that it relied on McCandless' misrepresentations, (2) it demonstrates that McCandless "could have been fooled" by Walterman, (3) it supports McCandless' estoppel defense, and (4) it may be used to impeach some of CNH's witnesses.

In Count II of its First Amended Complaint, CNH claims that McCandless conspired with Walterman Implement to defraud CNH. In order to recover under that theory, CNH must prove that Walterman committed the wrong of fraudulent misrepresentation and McCandless participated in a conspiracy with Walterman to defraud CNH. Fraudulent misrepresentation requires that a person act in reliance on the truth of the representation "and was justified in relying on the representation." If CNH knew that Walterman had previously engaged in dishonest activities, then that fact is relevant to the issue of whether CNH was justified in relying on representations made by Walterman, which is an element of CNH's conspiracy claim. Similarly, in Count III of its First Amended Complaint, CNH claims that McCandless aided and abetted Walterman's fraudulent misrepresentation. Again, the question of whether CNH justifiably relied on representations made by Walterman is relevant to the claim.

The Court concludes that if the evidence establishes that CNH was aware of Walterman's prior dishonest activity, then the evidence is admissible for the purpose set forth above. If Walterman engaged in improper activity which was unknown to CNH, then the Court concludes that evidence of that wrongful conduct is inadmissible.

**B. E-mail from Kerry Bolt to Jim Longe.**

On January 4, 2006, Kerry Bolt, an independent investigator hired by CNH, sent an e-mail to Jim Longe, an employee of CNH.[1] The e-mail references a meeting which Bolt and "Matt" had with attorneys regarding a companion case involving "Kramer." Bolt opined that the two company attorneys "seem very knowledgeable and experienced," but was critical of one of Kramer's attorneys. While Bolt engages in unprofessional gossip and imputes motives to counsel, Mr. Graham conceded at the hearing that the e-mail does not contain any substantive information which is relevant to this case.

In resisting the Motion In Limine,[2] Mr. Graham argues that since Bolt is listed as a CNH witness, the e-mail can be used for impeachment. The Court concludes, however, that the statements and opinions voiced by Bolt in his e-mail are collateral to the issues, at best. The probative value of the evidence, if any, is far outweighed by its potentially prejudicial effect. Accordingly, the Court finds that the e-mail from Kerry Bolt from Jim Longe of January 4, 2006, is inadmissible.

**C. Correspondence from Titan Machinery.**

Some time after this action was commenced, McCandless received a solicitation for credit, identified as a "Pre-Approval Request Form."[3] The form identifies "CNH

---

[1] *See* Exhibit A attached to Brief in Support of Plaintiff's Motions In Limine (docket number 51-2).

[2] It should be noted that the Defendant did not file any resistance or response to Plaintiff's Motion In Limine. Rather, Mr. Graham indicated at the time of hearing that Defendant resisted the Motion.

[3] *See* Exhibit B attached to Brief in Support of Plaintiff's Motion In Limine (docket
(continued...)

3

CAPITAL" at the top and begins: "Congratulations! Because of your excellent history with CNH Capital, you have been Pre-Approved for a CNH Capital Commercial Revolving Account that will provide you with purchasing power at all participating CNH Capital dealerships." The dealer name identified in the form is Titan Machinery, Inc.

At the time of hearing, Mr. Longe represented that Titan Machinery took over Walterman Implement's dealership in Greene after Walterman Implement filed for bankruptcy protection. Apparently, Titan Machinery sent out a form notice to potential customers, using a list of former customers of Walterman Implement. The Court concludes that the document has no probative value in this case and the Motion In Limine will be granted.

## OBJECTIONS TO TRIAL WITNESSES

On June 7, 2007, in preparation of the proposed final pretrial order, Defendant disclosed, for the first time, Sue Wilson and Jim Wilson as potential trial witnesses.[4] Sue Wilson is a CPA who would testify "regarding Defendant's tax returns and tax and financial accounting matters pertaining to Defendant." Jim Wilson is an agent with Farm Bureau Insurance and would testify "regarding property damage and casualty insurance carried by Defendant pertaining to his farm equipment and Operations." Plaintiff objects on the grounds that the witnesses were not previously disclosed as persons having knowledge of the claims or defenses.

FED. R. CIV. P. 26 requires initial disclosures from both parties at the outset of a lawsuit. FED. R. CIV. P. 26(a)(1) provides in pertinent part: "[A] party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for

---

[3](...continued)
number 51-2).

[4]Mr. Graham did not know whether Sue Wilson and Jim Wilson are related.

4

impeachment, identifying the subjects of the information." FED. R. CIV. P. 26(a)(3) provides in pertinent part: "[A] party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial: (A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises."

Additionally, FED. R. CIV. P. 26(e)(1) provides in pertinent part: "A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired . . . : (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Under FED. R. CIV. P. 37(c)(1), when a party does not provide initial disclosures as ordered in Rule 26(a) or supplement them as required by Rule 26(e), the information which was not initially disclosed may be subject to exclusion from trial. Rule 37(c)(1) provides in pertinent part: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." In addition or as an alternative to exclusion, Rule 37(c)(1) also allows the court to impose sanctions at its discretion for parties who violate Rule 26(a). FED. R. CIV. P. 37(c)(1).

Rules 26(a) and 37(c) "permit a court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). The Eighth Circuit has identified as "harmful" those behaviors that unduly prejudice the opposing party. *See e.g., Trost*, 162 F.3d at 1008-09 (opposing party would be harmed by the delayed production of

information because it had little time to prepare a rebuttal for trial). The Eighth Circuit requires a party to inform the opposing party of a witness either through initial disclosure or amendment even if the witness has been referred to elsewhere during discovery. *See Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d 1200, 1205 (8th Cir. 2002) (discussing a defendant's "use of the undisclosed witness . . . would have unfairly prejudiced plaintiffs at trial, even if the witness . . . had been identified or referenced somewhere in the course of discovery").

Delays in disclosure are not "substantially justified" when they could have reasonably been avoided. *Compare Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759-60 (8th Cir. 2006) (introduction of witness after deadline has passed is not allowed when the party had "ample opportunity to develop" the issue and when the party "should have sought [to supplement]" pursuant to FED. R. CIV. P. 26(e)) *with Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (delay is substantially justified when the party adding the witness was unaware of the witness until immediately prior to trial).

In the instant case, Defendant added the names of two potential witnesses to the witness list eighteen days prior to trial. Defendant notes, however, that these witnesses appear in documents produced by Defendant prior to the discovery deadline. Defendant bears the responsibility of formally disclosing all witnesses, including those that Plaintiff may be aware of through other discovery. Plaintiff is under no obligation to review Defendant's documents to learn of potential witnesses. *Cf. Troknya*, 280 F.3d at 1205 (The defendant is required to formally disclose witnesses pursuant to FED. R. CIV. P. 26 even when the witnesses "were known to plaintiffs either through plaintiffs' own discovery disclosures and responses or through [defendant's] discovery responses.").

Defendant's failure to disclose these witnesses is not substantially justified. If Defendant was aware of these witnesses prior to the discovery deadline, he should have disclosed them initially pursuant to FED. R. CIV. P. 26(a). In the alternative, if Defendant became aware of these witnesses after the deadline, he should have supplemented his

6

initial disclosures pursuant to FED. R. CIV. P. 26(3). Further, the lack of time between Defendant adding these names to the witness list on June 7 and the beginning of trial on June 25 would be unduly prejudicial to the Plaintiff. Accordingly, the Court concludes that Defendant will not be permitted to call Sue Wilson and Jim Wilson as witnesses at the time of trial.

## ORDER

IT IS THEREFORE ORDERED that the Motion In Limine (docket number 51) filed by the Plaintiff is hereby **GRANTED** in part and **OVERRULED** in part, as follows:

1. Defendant may offer evidence regarding prior wrongful conduct by Leon Walterman or Walterman Implement, Inc. if the conduct was previously known to Plaintiff.

2. Defendant may not offer evidence or argument regarding the e-mail correspondence from Kerry Bolt to Jim Longe, dated January 4, 2006.

3. Defendant may not offer evidence or argument regarding the Pre-Approval Request Form sent by Titan Machinery, Inc. to Defendant on or about December 30, 2005.

4. Defendant will not be permitted to call Sue Wilson or Jim Wilson as witnesses at the time of trial.

DATED this 22nd day of June, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA