IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CNH CAPITAL AMERICA LLC,<br><br>Plaintiff,<br><br>vs.<br><br>TIM McCANDLESS, d/b/a<br>McCANDLESS FARMS,<br><br>Defendant. | No. C05-2087<br><br>RULING ON POST-TRIAL MOTIONS |

This matter comes before the Court on the RULE 50(b) Motion for Judgment as a Matter of Law on Plaintiff's Breach of Contract Claim and Alternative RULE 59 Motion for New Trial on Plaintiff's Breach of Contract Claim (docket number 73) filed by the Plaintiff on July 11, 2007. The Motion is deemed submitted without oral argument, pursuant to LR 7.1.c.

### *MOTION FOR JUDGMENT AS A MATTER OF LAW*

First, Plaintiff requests that the Court enter judgment in its favor, notwithstanding the jury's verdict, pursuant to FED. R. CIV. P. 50(b). Judgment as a Matter of Law may be ordered if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1).

The standard to be applied by the Court in considering a motion for judgment as a matter of law is well-established. The Court views the evidence "in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor and resolving all factual disputes in its favor." *Liberty Mutual Fire Ins. Co. v. Scott*, 486 F.3d 418, 422 (8th Cir. 2007). In drawing all reasonable inferences in favor of the nonmoving party, the Court "[does] not make credibility determinations or weigh the evidence." *Meyers v. Starke*, 420 F.3d 738, 741 (8th Cir. 2005). The Court "assume[s] that the jury

1

resolved all conflicts of evidence in favor of the non-moving party, assume as true all facts which the prevailing party's evidence tended to prove, and deny the motion, if in light of the foregoing, reasonable jurors could differ as to the conclusion that could be drawn from the evidence." *Id.* at 741-742 (quoting *Minneapolis Cmty. Dev. Agency v. Lake Calhoun Assoc.*, 928 F.2d 299, 301 (8th Cir. 1991)). The Eighth Circuit Court of Appeals has "long held" that "where conflicting inferences reasonably can be drawn from evidence, it is the function of the jury to determine what inference shall be drawn." *Canny v. Dr. Pepper/Seven-Up Bottling Group*, 439 F.3d 894, 900 (8th Cir. 2006) (quoting *Ryther v. KARE 11*, 108 F.3d 832, 845 (8th Cir. 1997)). The Court is "reluctant to set aside a jury's verdict and will not do so lightly." *Id.* (quoting *Kelly v. Armstrong*, 206 F.3d 794, 797 (8th Cir. 2000)).

In considering the facts and drawing all reasonable inferences in favor of the non-moving party, however, the Court is not entitled "to give a party the benefit of unreasonable inferences, or those at war with the undisputed facts." *Liberty Mutual*, 486 F.3d at 422 (quoting *Larson v. Miller*, 76 F.3d 1446, 1452 (8th Cir. 1996)). "A mere scintilla of evidence is inadequate to support a verdict." *Id.* Stated otherwise, "[j]udgment as a matter of law is appropriate where the evidence adduced at trial is entirely insufficient to support the verdict." *Genthe v. Lincoln*, 383 F.3d 713, 716 (8th Cir. 2004).

With these general principles in mind, the Court now turns to the facts in the instant action. Plaintiff's claims were submitted to the jury under four theories of recovery: breach of contract, conspiracy to commit fraudulent misrepresentation, aiding and abetting fraudulent misrepresentation, and fraudulent misrepresentation. When viewing the evidence in the light most favorable to McCandless, and drawing all reasonable inferences in McCandless's favor, the Court cannot find that Plaintiff established one or more of its claims as a matter of law. Defendant denied that he signed the subject contracts and further denied that he had any knowledge of Walterman's fraudulent activity. The Court must defer to the jury's determination of credibility. *Meyers*, 420 F.3d at 741. If one

2

believes Defendant's testimony, then there is "a legally sufficient evidentiary basis" to deny Plaintiff's claims. Accordingly, Plaintiff's Motion for Judgment as a Matter of Law must be denied.

## *MOTION FOR NEW TRIAL*

In the alternative, Plaintiff requests that the Court order a new trial, pursuant to FED. R. CIV. P. 59(a). A new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." FED. R. CIV. P. 59(a). RULE 59 "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996).

A new trial may be granted on the basis that the verdict is against the weight of the evidence, if the jury's verdict would result in a miscarriage of justice. *Shaffer v. Wilkes*, 65 F.3d 115, 117 (8th Cir. 1995). Unlike a motion for judgment as a matter of law, when the Court considers a motion for new trial it may consider the credibility of witnesses and weigh the evidence.

> In determining whether a verdict is against the weight of the evidence, the trial court can rely on its own reading of the evidence -- it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.

*Id.* at 118 (citing *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)). The Court's authority in this regard, however, is not unlimited.

> The district court's discretion is not boundless, for the court cannot simply "reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

*Id.* (quoting *White*, 961 F.2d at 780). The Court in *White* summarized the standard to be applied as follows:

3

> Regardless of the rhetoric used the true standard for granting a new trial on the basis of the weight of the evidence is simply one which measures the result in terms of whether a miscarriage of justice has occurred. When through judicial balancing the trial court determines that the first trial has resulted in a miscarriage of justice, the court may order a new trial, otherwise not.

*White*, 961 F.2d at 780.

The Court cannot say that the jury's verdict, denying the Plaintiff any recovery, resulted in a "miscarriage of justice." Plaintiff essentially conceded at the time of trial that Defendant did not sign the contracts in dispute. Rather, Plaintiff argued that Defendant ratified the contracts by making payments on them. Defendant did not receive the equipment which was the subject of the contracts, however, and testified that he had no knowledge of the contracts or any payments. According to Defendant, his bookkeeper handled the payment of bills and when his wife brought a discrepancy to his attention, he instructed her to call Plaintiff and straighten it out. The evidence also established that Plaintiff had known of Walterman's untrustworthiness for several years. After carefully considering all of the evidence, the Court finds no "miscarriage of justice." Accordingly, the Court finds that the Motion for New Trial should be denied.

## ORDER

IT IS THEREFORE ORDERED that the RULE 50(b) Motion for Judgment as a Matter of Law on Plaintiff's Breach of Contract Claim and Alternative RULE 59 Motion for New Trial on Plaintiff's Breach of Contract Claim (docket number 73) filed by the Plaintiff on July 11, 2007, is hereby **DENIED**.

DATED this 22nd day of August, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA